

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2007

# McKeithan v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2238

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McKeithan v. Jones" (2007). *2007 Decisions.* Paper 1805.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1805

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2238
_____

DENNIS MCKEITHAN,

Appellant,

v.

HEARING EXAMINER DONALD JONES, SCI
DALLAS; SGT. SWICKLECK, SCI Dallas; COI
OLSYZK, SCI Dallas; MAJOR MCGRADY, SCI Dallas;
T. LAVAN, SCI Dallas; COI WOMELSDOLF,
SCI Dallas; MR. YAKIEL; MR. BITNER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01318)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
**DECEMBER 26, 2006**

Before:  SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: January 8, 2007)

_____

OPINION

_____

PER CURIAM

Appellant Dennis McKeithan, a state prisoner, brought suit under 42 U.S.C. §

1983 against numerous prison officials, alleging a violation of his civil rights in connection with the search of his cell and subsequent confinement in restricted housing.[1] The search turned up a homemade knife. McKeithan was given a misconduct hearing and sanctioned. In his civil action, he claimed that the search was in retaliation for an earlier grievance, and thus a violation of his First Amendment rights, and that his misconduct hearing violated due process. He sought money damages.

The defendants moved for summary judgment, and the District Court granted the motion in part. Judgment was entered on March 24, 2005 in favor of all defendants except Officer Womelsdolf on the retaliation claim. McKeithan filed a notice of appeal. About two months later, Officer Womelsdolf was dismissed from the case.

Initially, we denied McKeithan's motion to proceed in forma pauperis on the basis that he had at least three prior civil actions or appeals dismissed as frivolous and had not shown imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). He then paid the appellate docketing fees.

We will affirm.[2] Our review of the District Court's grant of summary judgment is

---

[1] Inasmuch as we write primarily for the parties, and they are acquainted with the factual and procedural background of this matter, we will not recite the background except as may be helpful to our brief discussion.

[2] Since there was no final, appealable order until June 3, 2005, McKeithan's notice of appeal was premature. The Department of Corrections does not argue that it was prejudiced by the premature notice of appeal. Thus, that notice became timely upon entry of the District Court's last order under our precedent. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983); see also 2-J Corp. v. Tice, 126 F.3d 539, 541 (3d Cir. 1997).

plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under Sandin v. Conner, 515 U.S. 472 (1995), protected liberty interests are generally limited to freedom from restraint that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The determination of what is "atypical and significant" is based upon the range of conditions an inmate would reasonably expect to encounter. Asquith v. Dep't of Corrections, 186 F.3d 407, 412 (3d Cir. 1999); Griffin v. Vaughn, 112 F.3d 703, 706 n.2 (3d Cir. 1997).

The six months of disciplinary confinement imposed on McKeithan do not violate a protected interest as defined by Sandin. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002). In his brief on appeal, McKeithan challenges only the factual conclusions reached by the hearing examiner, but Sandin prohibits us from considering whether the misconduct decision is supported by "some" evidence. See Superintendent v. Hill, 472 U.S. 445, 454 (1985). In addition, liability under section 1983 cannot be imposed on a supervisor on the basis of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, summary judgment was proper.

Prior to entry of summary judgment, the District Court denied McKeithan's unorthodox request for deposition upon oral examination of prison officials.[3] The District

_____

[3] McKeithan was unable to afford a stenographer and apparently proposed to transcribe the audiotapes himself.

3

Court, after recognizing the logistical and security issues, determined that McKeithan could effectively conduct discovery through written depositions pursuant to Federal Rule of Civil Procedure 31. We conclude that the District Court did not abuse its discretion, see Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000), in denying McKeithan's request for oral depositions. He has not presented any argument in his brief on appeal to suggest that written depositions would not have been sufficient for his purposes in this case.

Finally, the claim of retaliation against Officer Womelsdolf was appropriately dismissed for the reasons given by the District Court in its June 3, 2005 Memorandum. The grievance process itself was not constitutionally suspect, and McKeithan did not state a claim for unconstitutional retaliation, because he failed to make a prima facie showing that constitutionally protected conduct was a substantial or motivating factor in the decision to search his cell. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

We will affirm the judgment of the District Court. McKeithan's motion for an emergency court order, filed on October 18, 2006, is denied.